**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4317**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NEKHENT SUPREME ALI, a/k/a William Sean Perry, Jr.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:18-cr-00180-TDS-1)

Submitted:  January 21, 2020                                      Decided:  January 29, 2020

Before NIEMEYER and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court sentenced Nekhent Supreme Ali to 223 months' imprisonment following his guilty plea to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2018). On appeal, Ali challenges the district court's finding that he was responsible for 1409.5 grams of cocaine base. We affirm the district court's judgment.

"We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). Under this standard, "we will reverse the district court's finding only if we are left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). "A district court may properly convert cash amounts linked credibly to the defendant's purchase or sale of narcotics so long as the court does not engage in double counting of both the proceeds and the narcotics themselves." *United States v. Sampson*, 140 F.3d 585, 592 (4th Cir. 1998).

The district court did not clearly err in converting the currency recovered by law enforcement to cocaine base for sentencing purposes. The confidential informant advised law enforcement that Ali was selling cocaine base, and the only drug he purchased during the controlled buys was cocaine base. Although Count 5 of the indictment referenced marijuana, "an indictment is not evidence." *United States v. Udeozor*, 515 F.3d 260, 272 (4th Cir. 2008). Ali pled guilty to Count 4 of the indictment, which alleged only the distribution of cocaine base. Moreover, as to the 18 grams of marijuana found in Ali's residence, Ali's valuation proffered at sentencing would generate less than $400, when

2

over $50,000 was found in his ex-girlfriend's residence. Thus, as the district court correctly recognized, in order for that money to have been connected to the sale of marijuana, an exponentially larger amount of marijuana would have to be involved in the offense, and there is no evidence of such large-scale trafficking in the record.

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*